**\*NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

ANTHONY MCCORMICK,         :

                              :     Civil Action No.  12-4676 (NLH)

         Plaintiff,       :

                              :

         v.               :     **OPINION**

                              :

STATE OF NEW JERSEY,       :

                              :

         Defendant.     :

**APPEARANCES:**

**BRIAN M. DRATCH**, Counsel for Plaintiff
Franzblau Dratch, PC
Plaza One
354 Eisenhower Parkway
P.O. Box 472
Livingston, N.J. 07039

**ERIN MARIE GREENE**, Counsel for Defendant
State of New Jersey
Office of the Attorney General
Division of Law
25 Market Street, P.O. Box 112
Trenton, N.J. 08625

**HILLMAN**, District Judge:

      This matter comes before the Court by way of Plaintiff Anthony McCormick's

("Plaintiff") motion to remand this matter to state court [ECF No. 3] and Defendant State of New

Jersey's ("Defendant") cross-motion to dismiss and/or for summary judgment [ECF No. 7].  The

Court has considered the parties' submissions and decides these matters pursuant to Federal Rule

of Civil Procedure 78.  For the reasons expressed below, Defendant's motion will be granted in part and the Court will decline to exercise supplemental jurisdiction over the remaining claims.

## I.  BACKGROUND

Plaintiff initially filed the instant complaint in the New Jersey Superior Court, Law Division, Cumberland  County on June 20, 2012.  *McCormick v. State of New Jersey*, Civil Action No. CUM-L-537-12 (N.J. Super. Ct. 2012).  The complaint names the State of New Jersey as the only defendant and raises two claims, both of which relate to the inadequate medical care Plaintiff allegedly received while he was a prisoner in South Woods State Prison. (Def.'s Notice of Removal, Ex. A, Compl.)  In the second count of the complaint, Plaintiff states that "[d]efendant, had knowledge of plaintiff's serious medical condition, yet failed to treat him for his serious condition thereby showing a deliberate indifference to the plaintiff's serious medical needs in violation of the 8th and 14th Amendments to the United States Constitution, the New Jersey Constitution and in violation of the New Jersey Civil Rights Act, N.J.S.A. 10:6-2, et seq." (*Id*. at ¶ 10.)   Plaintiff further alleges that the defendant failed to properly train its personnel on the provision of adequate medical care, which also violated Plaintiff's rights under those same provisions.  (*Id*. at ¶ 11.)  Based on this Court's original jurisdiction of these claims under 28 U.S.C. § 1331, Defendant removed this case to federal court pursuant to 28 U.S.C. §§ 1441(b), (c) and 1443.  (Def.'s Notice of Removal ¶¶ 4-5.)

Thereafter, Plaintiff filed a motion to remand the case to state court.  He argues that though the complaint references federal constitutional rights, it does not mention § 1983 specifically.  (Mot. to Remand 2.)  Plaintiff argues that the Defendant removed the case to federal court so it could then file a motion to dismiss with the argument that the State of New Jersey is barred from being sued in this jurisdiction.  (*Id*.)  Defendant filed opposition to said

motion, as well as a cross-motion to dismiss and/or for summary judgment.  In its submission, Defendant argues that the Court should deny Plaintiff's motion because the Court has original jurisdiction over the claims arising under the United States Constitution.  Defendant further argues that the Court should dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act because the State of New Jersey is not a "person" under those statutes. Finally, Defendant argues that the complaint should be dismissed with prejudice for failure to file a Notice of Tort Claim within ninety days of the accrual of his claim as required by N.J.S.A. 59:8-8.

## II. DISCUSSION

### A. Legal Standard

At this time, the State moves for the dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 56.  In considering Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions[.]'") (citation omitted).

3

First, under the *Twombly*/*Iqbal* standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949). Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (citing *Iqbal*, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Fowler*, 578 F.3d at 211; *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing *Twombly*, 550 U.S. at 556). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005).

**B. Analysis**

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441. Section 1441 is to be strictly construed against removal, so that the Congressional intent to restrict federal jurisdiction is honored. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)). This policy "'has always been rigorously enforced by the courts.'" *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). Parties may not confer subject matter jurisdiction by consent, *Samuel-Bassett*, 357 F.3d at 396, and "[i]f at

4

any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded,"  28 U.S.C. § 1447(c).

Defendant removed Plaintiff's complaint to this Court based on the well-pleaded complaint rule-i.e., the complaint raises a substantial federal question.  A federal question case is one "'arising under the Constitution, laws, or treatises of the United States.'"  *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (quoting 28 U.S.C. § 1331).  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*

In this case, the complaint explicitly states, on its face, that claims are brought pursuant to the 8th and 14th Amendments to the United States Constitution.  As such, this Court properly has federal question jurisdiction.  Moreover, though Plaintiff argues that his federal causes of action are not brought pursuant to 42 U.S.C. § 1983, based on the facts and nature of the allegations, it is clear that the federal constitutional claims are in fact pursuant to 42 U.S.C. § 1983.  *See New Jersey Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, 2010 WL 2674565, at * 6 (D.N.J. June 30, 2010) ("a plaintiff may not sue a state defendant directly under the Constitution where [42 U.S.C. §] 1983 provides a remedy") (internal citations omitted).  *See also Azul–Pacifico, Inc. v. Los Angeles*, 973 F.2d 704, 705 (9th Cir.1992) ("Plaintiff has no cause of action directly under the United States Constitution. We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983"); *Kontaxes v.*

5

*Vernon*, 2012 WL 6762020, at *2 (W.D.Pa. Nov. 23, 2012) ("[B]ecause Plaintiff is seeking to vindicate his constitutional rights and because he does not have a cause of action directly under the Constitution of the United States, a liberal reading of the Complaint requires the court to construe it as one invoking the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983."); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983").

As correctly stated by both Plaintiff and Defendant, New Jersey is not recognized as a "person" under § 1983 and therefore all § 1983 claims against the State will be dismissed. *See Mierzwa v. U.S.*, 282 F. App'x. 973, 976 (3d Cir. 2008); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that states and state officials, acting in their official capacity, are not "persons" under § 1983); *United States ex rel. Foreman v. State of N.J.*, 449 F.2d 1298 (3d Cir.1971) (holding that State of New Jersey is not a "person" under § 1983 and thus not amendable to suit under that statute).

The Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir.2000) (citations omitted). Here, all claims arising under federal law have been dismissed and there are no extraordinary circumstances present to justify retaining supplemental jurisdiction over the remaining state law claims. No discovery has taken place in this matter and remand would not be inconvenient or unfair to the parties. Thus, having considered concerns of judicial economy, convenience, fairness, and comity, the Court finds that since only state law claims will remain in

this case, this matter properly belongs in state court.  Accordingly, the Court declines to exercise supplemental jurisdiction and remands this case to the Superior Court of New Jersey, Cumberland County, Law Division.

## III.  CONCLUSION

For the foregoing reasons, the federal constitutional claims pursuant to 42 U.S.C. § 1983 are dismissed.  The Court declines to exercise supplemental jurisdiction over the remaining claims and this case is remanded to state court.  An appropriate order follows.


Dated:  March 19, 2013

                                                    s/Noel L. Hillman
                                                    NOEL L. HILLMAN
                                                    United States District Judge

At Camden.